### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILIP D. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-03-718-M |
| ) | |
| DR. JAMES G. ROCHE, ) | |
| Secretary of the Department of the Air Force, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court is Defendant's Partial Motion to Dismiss [docket no. 63], which was filed on September 1, 2005. The motion has been fully briefed and is now ripe for adjudication. The Court, after considering the applicable law, and the parties' submissions, now hereby DENIES Defendant's motion.

### INTRODUCTION

Plaintiff was employed by Tinker Air Force Base from February 1980 until July 2000. Between September 23, 1998 and February 2, 2000, Plaintiff filed four complaints with the Equal Employment Opportunity Commission ("EEOC") alleging gender discrimination, sexual harassment, retaliation, and discrimination on the basis of a physical handicap. On August 29, 2001, Plaintiff filed a fifth EEOC complaint alleging disability discrimination and further retaliation.

The EEOC issued a right to sue letter on the fifth complaint on September 23, 2002 informing Plaintiff that he had the right to file a civil action in the appropriate federal district court within thirty days of receipt of the letter. Plaintiff did not file a civil action on the fifth EEOC complaint within the stated time. On February 26, 2003, the EEOC issued a second right to sue letter on Plaintiff's remaining complaints, and Plaintiff timely filed the instant civil action on these

complaints on May 23, 2003.

As part of the instant action, Plaintiff seeks to assert the allegations contained in his fifth EEOC complaint either as part of his hostile work environment claim, or through application of the doctrine of equitable tolling. Defendant moves to dismiss all of Plaintiff's claims which are based on incidents subsequent to his fourth EEOC complaint as untimely.

## STANDARD FOR DISMISSAL[1]

Fed. R. Civ. P. 12(b)(6) authorizes the Court to dismiss any claim made by Plaintiff when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." The issue in reviewing the sufficiency of Plaintiff's complaint is not whether he will prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well plead facts in Plaintiff's complaint and view them in a light most favorable to the nonmoving party. *Sutton v. Utah State Sch. For the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999); *Zinermon v. Burch*, 494 U.S. 113, 118 (1990). Further, the Court must construe the pleadings liberally and make all reasonable inferences in favor of Plaintiff. *Lafoy v. HMO Colo.*, 988 F.2d 97, 98 (10th Cir. 1993). However, the Court need not accept Plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1]Defendant states that he moves for partial dismissal pursuant to Fed. R. Civ. P. 12(b)(1). His motion, however, contains no arguments based on Rule 12(b)(1); rather, Defendant's arguments are based on Fed. R. Civ. P. 12(b)(6). As such, the Court hereby treats the motion as one made pursuant to Rule 12(b)(6).

DISCUSSION

I.  Retaliation Claims

Discrete discriminatory acts, such as termination, failure to promote, or refusal to hire, are not actionable if time barred, even if they are related to acts alleged in timely filed charges. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002); *Croy v. Cobe Labs., Inc.*, 345 F.3d 1199, 1202 (10th Cir. 2003). The Supreme Court has held, however, that a hostile work environment claim is "different in kind from discrete acts," and that its "very nature involves repeated conduct." *Morgan*, 536 U.S. at 115. In such cases, the Supreme Court explained, "[t]he 'unlawful employment practice' therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, . . . [s]uch claims are based on the cumulative effect of individual acts." *Id*.

Where at least one of the component acts[2] "contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered" for the purpose of determining liability. *Id*. at 116-17, 118 ("The statute does not separate individual acts that are part of the hostile work environment claim from the whole for the purpose of timely filing and liability. . . . [T]he employer may be liable for all acts that are part of this single claim."); *Croy*, 345 F.3d at 1202-03.

In this case, Plaintiff alleges that he was subjected to a hostile work environment, and that at least one component of his claim was timely asserted as part of his first four EEOC complaints, the timeliness of which Defendant does not dispute. "At the pleading stage, [such] general factual allegations of injury from the defendant's conduct may suffice . . . [because] on a motion to dismiss

---

[2]It need not be the last act. *Morgan*, 536 U.S. at 117.

we 'presum[e] that general allegations embrace those factual allegations that are necessary to support the claim.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)).  Construing Plaintiff's complaint liberally, and deeming the factual allegations as true, the Court finds that Plaintiff has sufficiently plead a hostile work environment claim, and that all relevant conduct comprising the hostile work environment claim, even if otherwise time barred, is admissible for the purpose of determining both liability and damages.  Therefore, the Court finds that Defendant's motion to dismiss all of Plaintiff's claims which are based on incidents subsequent to his fourth EEOC complaint should be DENIED to the extent that the conduct complained of is part of Plaintiff's hostile work environment claim.

II.    Disability Discrimination Claims

On October 3, 2005, pursuant to the parties' stipulation of dismissal [docket no. 66], the Court dismissed with prejudice Plaintiff's third claim for relief alleging disability discrimination. Accordingly, the Court hereby DENIES Defendant's motion to dismiss Plaintiff's disability discrimination claims as moot.

CONCLUSION

For the reasons discussed in detail above, the Court hereby DENIES Defendant's Partial Motion to Dismiss [docket no. 63].[3]

**IT IS SO ORDERED this 24th day of October, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[3]Having determined that Plaintiff is entitled to raise his allegations of retaliation occurring subsequent to his fourth EEOC complaint as part of his timely filed hostile work environment claim, and because Plaintiff has voluntarily dismissed the disability discrimination claim, the Court need not reach the issue of whether the doctrine of equitable tolling applies in this case.